UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 5:18CR00487** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **DESMOND NEAL CLAY,** ) | |
| ) | |
| **Defendant.** ) | |

Before the Court is Defendant Desmond Clay's Motion for Compassionate Release, **Doc #: 119**. Clay filed a supplement to the Motion (Doc. #: 121) and the United States filed a reply (Doc. #: 124). For the following reasons, Clay's Motion is **DENIED**.

### I. Background

Clay pleaded guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841, 856 and was sentenced to 33-months in the custody of the Bureau of Prisons. Doc. ##: 51, 92. He is currently held at Federal Correctional Institute Elkton ("FCI Elkton") and has an expected release date of March 2, 2021.[1] Clay asks the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to concerns regarding heightened risk posed to him by confinement during the COVID-19 pandemic.

### II. Discussion

#### a. Exhaustion

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---
[1] https://www.bop.gov/inmateloc/.

  defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

  Clay made his request to the Warden of FCI Elkton on May 18, 2020 and the Warden denied his request on May 22, 2020. Doc #: 119, ex. 1. Because more than 30 days must have passed since the Warden received Clay's request, Clay has satisfied the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).[2]

  **b. Sentence Modification**

  Under § 3582(c)(1)(A)(i), before granting a sentence modification a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the § 3553(a) factors. *United States v. Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio May 21, 2020).

  Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Id.* at *8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

  In his Motion, Clay asserts that as an African American man with hypertension he is at great risk of serious illness or death from COVID-19. Doc #: 119 at 13–14. The medical records Clay submitted with his motion contradict the claim of hypertension, and these alleged risk factors

---

[2] The government reserves its argument that the Sixth Circuit in *Alam* incorrectly interpreted the exhaustion requirement, but it concedes that under that precedent the Court can consider Clay's Motion.

are not addressed in the supplement to his motion. Doc. #: 119, ex. 2 at 10, 16, 20; Doc #: 121.[3] In the supplement, Clay states he tested positive for COVID-19 in May and was placed in isolation at FCI Elkton. Doc. #: 121 at 2 (citing Doc. #: 119, ex. 2 at 3). He does not identify any symptoms or complications he experienced. Clay asserts that because it is unclear whether he is at risk for reinfection, the Court should grant compassionate release. Doc. #: 121 at 2.

The record shows Clay contracted COVID-19 and did not experience grave complications. Regardless of the uncertainty as to whether he is at risk of contracting COVID-19 again, the Court finds he has not shown extraordinary and compelling reasons warrant release because the facility where he resides is not experiencing a severe COVID-19 outbreak. While FCI Elkton previously had over 1000 cases among inmates and staff members, currently it only has five cases, including three inmates and two staff members.[4]

Because Clay does not show extraordinary and compelling reasons warranting a sentence modification, the Court does not decide whether he is a danger to the safety of any other person or the community or whether the § 3553(a) factors favor release.

### III. Conclusion

For the foregoing reasons, Clay's Motion**, Doc #: 119**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster August 25, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**

---

[3] As the government identifies, Clay's initial Motion appears to be a form motion that is not tailored or entirely accurate as to Clay's circumstances. Therefore, the Court will consider only the arguments made in the supplement.
[4] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Aug. 25, 2020).